IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUDY E. FULTON,

          **Plaintiff,**

vs.                                          **Civ. No.  05-1271 JH/RLP**

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

          **Defendant.**

## MEMORANDUM OPINION AND ORDER OF PARTIAL DISMISSAL

This matter is before the Court on Defendant's *Motion to Dismiss in Part Pursuant to Fed. R. Civ. P. 12(b)(6)* [Doc. No. 2], which was filed January 30, 2006.  The Plaintiff has not filed a response to the motion, which seeks to dismiss the complaint insofar as it purports to claim that Plaintiff is entitled to damages not allowed under ERISA, 29 U.S.C. § 1001 et seq.

After reviewing the complaint, the Court concludes that Plaintiff's claims are in fact governed by ERISA.  Although the complaint does not contain a great deal of specificity, it appears that Plaintiff claims unpaid plan benefits, attorney's fees, and interest.  To the extent the Court also reads the complaint as seeking non-statutory remedies, such as monetary compensation for economic or other harm suffered by Plaintiff because of the delay in or denial of her receipt of her benefits, the Court concludes that those remedies are not available under ERISA.  *See, e.g., Great-West Life & Ann. Ins. Co. v. Knudson*, 534 U.S. 204, 122 S.Ct. 708, 718, 151 L.Ed.2d 635 (2002); *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 148, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985) ("[T]he relevant text of ERISA, the structure of the entire statute, and its legislative history all support the conclusion that in [29 U.S.C. § 1109(a)] Congress did not provide, and did not intend

the judiciary to imply, a cause of action for extra-contractual damages caused by improper or untimely processing of benefit claims."); *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1234-35 (10th Cir. 2002).  Accordingly, Defendant's motion for partial dismissal will be granted.

**IT IS THEREFORE ORDERED** that Defendant's *Motion to Dismiss in Part Pursuant to Fed. R. Civ. P. 12(b)(6)* [Doc. No. 2] is **GRANTED**, and Plaintiff's claims for non-statutory remedies, such as monetary compensation for economic or other harm suffered by Plaintiff because of the delay in or denial of her receipt of her benefits, are **DISMISSED WITH PREJUDICE**. However, Plaintiff's remaining claims under ERISA are unaffected by this Memorandum Opinion and Order.

_____

**UNITED STATES DISTRICT JUDGE**